[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A hearing was held December 22, 1999 as the result of the two motions for contempt filed by the plaintiff in this protracted child custody case. At issue is certain conduct of the defendant that has occurred since June of this year when the parties finished a 4-day trial in Middletown. In the judgment that followed the defendant was given the last word in matters involving the raising of the child, Bryce, now nearly nine years old. Since then the defendant has exercised this authority with regard to continued counseling with a Ms. Chapman and the selection of a doctor to treat Bryce's allergies. In so doing, he has exacerbated his hostile relationship with the plaintiff by either refusing to keep her informed of his decisions relative to the therapist or doctor or by letting her know just before treatment is to begin or continue. He has kept telephone contact on these issues to a minimum; he has ignored the plaintiff's written communications. It is this conduct that has inspired the plaintiff's motions for contempt dated September 1, 1999 and October 4, 1999.
However, the court order of June 25, 1999 does not impose a CT Page 377 duty upon the defendant to communicate with the plaintiff relative to counseling and medical decisions, although the court expressed its hope that the defendant would try to have a more reasonable relationship with the plaintiff.[1] As previously noted, page 7 of the judgment gives to the defendant the right to make major decisions with respect to the care, education and upbringing of Bryce. There is no contempt if a court order has not been violated. See United States v. Hayes, 722 F.2d 723, 725
(11th Cir. 1984). Further, wilfulness may be a prerequisite to a finding of contempt under these circumstances. See Eldridge v.Eldridge, 244 Conn. 523, 529 (1998).
The motions for contempt are reluctantly denied.[2]
Potter, J.